# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELLIS DOUGLAS , # 210-716 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-12-1602 |
| EDWIN R. GOODLANDER, WARDEN JOHN S. WOLFE. | * | |
| | * | |
| Defendants | *** | |

## MEMORANDUM

Ellis Douglas has supplemented his complaint as directed by order of the court. He asserts Defendant Warden Wolfe: 1) denies "legal mail envelopes sent to Plaintiff" and other prisoners at the Jessup Correctional Institution (JCI); 2) orders corrections officers to violate his rights and those of other prisoners; 3) orders corrections officers to violate plaintiff's due process rights as well as the due process rights and those of other prisoners at JCI; and 4) assigns inmates who complain about their treatment to lockup or place them under the supervision of correctional officers who have a history of being "unfair and hard" on prisoners and working together to do "dirty tricks." ECF No. 4. Plaintiff claims he has suffered severe and permanent physical injuries and severe emotional distress[1] as a result and demands damages and injunctive relief.

The court is mindful that plaintiff is a self-represented litigant and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction does not mean, however, that this court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990). This court must dismiss an action filed by a prisoner if it determines it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § §1915(e) (2); 1915A.

---

[1] "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

The Federal Rules of Civil Procedure require a short and plain statement of the claim showing that the pleader is entitled to relief in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Plaintiff cannot satisfy this standard with claims containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 556). To survive dismissal for failure to state a claim, plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

In this case, the complaint as supplemented fails to satisfy this standard. The claims presented are conclusory and without substantiation. Further, plaintiff provides no details to support his claims of injury. Specifically, he fails to: 1) indicate when his mail was purportedly mishandled or how he was injured as a consequence; 2) provide any details about alleged violations of his rights or explain resulting injuries suffered; or 3) allege that he was personally placed under the supervision of "unfair and hard" guards in retaliation for lodging a complaint. To the extent plaintiff might intend to raise claims on behalf of other inmates, he has no standing to do so. *See Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir.1981) (a prisoner cannot act as a "knight-errant" for others); *Inmates v. Owens*, 561 F.2d 560, 562–563 (4th Cir.1977) (one pro se inmate does not have standing to sue on behalf of another inmate).  For these reasons, the court will dismiss the complaint.

Lastly, the court will grant plaintiff's motion for leave to proceed in forma pauperis for the purpose of preliminary review. ECF No. 5. Plaintiff provides no exceptional circumstances here to warrant the granting of his motion for appointment of counsel (ECF No. 3).  *See* 28 U.S.C. §1915(e)(1); *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987).  A separate order follows.


<u>August 14, 2012</u>                              _____/s/_____
Date                                                    Catherine C. Blake
                                                        United States District Judge